## WILLIAMSON *v.* WILLIAMSON.

Where a party seeks to divest another of the legal title to real estate, on the ground of a parol gift, upon conditions, which he alleges have been complied with by him, the burden of proof is upon him to sustain the allegations of his petition, when they are denied by the respondent.

Equity, as well as the law, contemplates that all contracts relating to real estate, shall be evidenced by some writing, signed by the party to be charged; and when it is sought to bring a case within any of the exceptions allowed to avoid the operation of the statute of frauds, the court should never be left to act upon conjecture, or upon proof loose and indeterminate in its character.

Where a party seeks to take a cause out of the operation of the statute of frauds, upon the ground of a part performance, it is indispensable that the parol contract, agreement or gift, should be established by clear, unequivocal and definite testimony; and the acts claimed to have been done under the contract, should be equally clear and definite, and referable exclusively to the contract or gift.

*Appeal from the Wappello District Court.*

IN Chancery. The son, Robert, claims of Henry, the father, a deed for a certain parcel of real estate, which he alleges was given to him by his said father. The bill sets up a parol gift, upon condition that complainant would settle upon said land; avers that he did, under said agreement, enter upon and make improvements thereon; that he was in possession some two or three years; and that respondent refused to make the deed, but compelled complainant to quit said possession. The answer denies all the substantial averments of the bill. To sustain the complainant's action, several depositions were taken, the substance of which is as follows:

*John G. Baker* testified, that he knew nothing of any contract between the parties; that he had heard respondent say, that he had given complainant the land, and that complainant lived on the land some two years, and made some improvements upon it. On cross-examination, this witness stated, that in the conversation referred to above, the re-

spondent did not deny giving the complainant the land, but said he had been badly treated by him and his wife, and had concluded not to make him a title.

*Samuel Haxton* testified, that, in 1851, he heard the respondent say, he had bought the land on purpose for complainant; that he should have it, if he would go on it, and live on it; that he did not want the land for himself at all, and that he had land enough without it; that complainant moved a house on to the land the next fall, and moved into it about the first of January; that he hauled out rails, and built a fence around a lot for his cattle; that he lived upon the land about three years and three months; and that there were no improvements on the land, at the time respondent spoke of having bought the land for the complainant. When cross-examined, the witness stated that respondent said, in the conversation referred to, that he bought the land for the complainant, and intended to give it to him, if he would live on it; and that complainant moved off the land in April, 1855, and sold the cabin and part of the rails.

*David Whitcomb* testified, that he was assessor of Richland township in 1853; that when respondent gave in his tax list, he stated, in reply to a question asked by the witness, that the list embraced all his land, except one forty, which belonged to the complainant, who was present, and could give it in. Upon cross-examination, he stated that he could not be certain whether respondent said, that the complainant owned the land, or lived on the land, or whether he said that complainant had possession of the land, and ought to pay the taxes.

*John A. Bevans* testified, that he had heard the respondent repeatedly say, that he had given the complainant forty acres of land; that complainant had been a good boy to him; that it was his intention to give him a start in the world; and that he intended to make him a deed for the land—this was about three years ago; that about two years ago, he heard the respondent say, that he was not going to carry out his agreement with complainant about the land; that he said, that his reason for not doing it, was, that he

understood the complainant was going to sell the land, and put some one on it to pester him with their stock, and that he had heard respondent say, that as soon as the deed came on, he should have it.

*John D. Devin* testified, that, as the agent of Edwin Manning, he entered the land for the respondent, on time; that before the expiration of the credit, the respondent notified him, that within a short time he would pay off his note; that at the request of the respondent, he wrote to Mr. Manning, and had a deed forwarded in the name of the complainant; that the respondent called, and took up his note; that he then said, that he did not wish the deed in the name of the complainant, but wanted one made directly to himself; that another deed was accordingly sent for, and delivered to him some time afterwards; and that the deed was made in December, 1852.

On the hearing, the bill was dismissed, and complainant appeals.

*Knapp & Caldwell*, for the appellants.

*Williams*, for the appellee.

WRIGHT, C. J.—Counsel do not differ as to the legal or equitable rules and principles which must govern in the decision of this case. The substantial question is whether, under the testimony, the complainant is entitled to the relief claimed by his bill, and this issue must be decided in favor of respondent. To refer to all the testimony, is entirely unnecessary, and especially so, when such reference would in this opinion, answer no valuable purpose. We content ourselves, therefore, with stating two grounds upon which the decree below may clearly be sustained. The first is a want of clearness in the proof as to the agreement, and the compliance therewith as set up in the bill. The legal title is in respondent. Complainant seeks to divest it by proof of a parol gift upon conditions, which he says have been complied with by him. To sustain these averments,

when denied by the answer, the burden of proof is peculiarly upon him. If a party would take a case out of the statute of frauds, upon the ground of a part performance, it is indispensable that the parol contract, agreement, or gift should be established by clear, unequivocal and definite testimony; and the acts claimed to be done thereunder, should be equally clear and definite, and referable exclusively to the said contract or gift. Equity as well as law, contemplates that all contracts relating to real estate, shall be evidenced by some writing signed by the party to be charged; and when it is sought to bring a case within any of the exceptions allowed to avoid the operation of the statute, the court should never be left to act upon conjectures, or upon proofs loose and indeterminate in their character. Story's Eq. Jurisp. § 764, *Noel* v. *Noel,* 1 Iowa, 423. In this case, the proof is not only loose and indefinite as to the terms, conditions and character of the gift, but equally so as to the alleged compliance with such terms or conditions. But we are further of the opinion, from the testimony, that complainant voluntarily abandoned the premises and his possession, and waived thereby all right or claim to a deed. The proof is that he sold the house built thereon, as also the rails, and left the land about nine months or a year before bringing this suit. This house, and the laying up of those rails, constituted substantially the improvements made by him. No sufficient reason is shown for this abandonment. If the proof establishes any gift, it shows it to have been upon condition that the son should take possession and live upon the land. Having failed, as far as we can see, without just cause, to comply with this condition, he is in no situation to demand a performance on the part of the father.

Decree affirmed.