CLARENCE E. GIFFORD, EXECUTOR, ETC., v. HENRY C.
GIFFORD AND ELLEN GIFFORD.

*Will — Charge upon land devised—Foreclosure of lien — Gift—
Adverse possession—Specific performance.*

A father, desiring to provide a home for his son, purchased a
farm for $10,000, upon which the son afterwards resided. The
son paid the taxes assessed on the farm, and a portion of the
interest on a $3,000 purchase-money mortgage given by the
father, who took the title in his own name, and who paid the
remainder of said interest and the principal of the mortgage,
but never deeded the farm to the son, nor was he asked to do
so. Some two years before his death, and 22 years after he
purchased the farm, the father devised the farm to the son,
subject to a charge of $3,000, to be used in paying legacies
to his daughters. A bill was filed by the executor to fore-
close the lien sought to be created by the will, and the son in
his answer alleged that the land was given to him by his
father, who put him in possession, and that he had occupied
the premises for a sufficient period and under such circum-
stances as to establish a title by adverse possession. And it is
held:

*a*—That it would be going a great ways to hold that the
son's possession was hostile and adverse, and that it is more
reasonable to conclude that he was content to occupy upon
such terms as his father had imposed.

*b*—That, had the gift been completed by the giving of a
deed, the son could not complain if his father had chosen to
take an assignment of the mortgage from the mortgagee, to
whose rights he had a right to be subrogated upon payment
of the mortgage, which precaution the father probably thought
unnecessary, as he held the title, and accordingly made the
amount of the mortgage a charge upon the land, perfecting
his intended gift by a will.

*c*—That the defendant is in no position to ask for a specific
performance upon the ground that he entered and made im-
provements under a contract, for the reasons that there was
little in the nature of a contract in the arrangement under
which he entered, and that he has done little, if anything, in
the way of making improvements; neither has he performed

the contract, if it can be called one, for he has left his father to pay the mortgage, and equity would require him to pay the same and interest before granting specific performance, which is more than the complainant asks.

Appeal from Kalamazoo. (Buck, J.) Argued April 4, 1894. Decided May 18, 1894.

Bill to foreclose a lien on real ,estate. Complainant appeals. Decree reversed, and one entered in favor of complainant. The facts are stated in the opinion.

*Osborn & Mills,* for complainant.

*E. M. Irish,* for defendants.

HOOKER, J. In the year 1867, one Elihu Gifford, residing in the state of New York, came to Michigan, with his son, Henry C. Gifford, and purchased a farm for $10,000, paying the consideration therefor, except $3,000, for which he gave a purchase-money mortgage. He took title by a conveyance to himself. The evidence indicates that this farm was purchased for a home for said son, who moved upon it, and has since resided there. He has made some repairs, but the place has deteriorated, rather than improved, under his occupancy. He paid the taxes, and a portion of the interest upon the mortgage. His father paid the remainder of the interest, and also the principal of the mortgage, taking a discharge of the same in the year 1872. He never deeded the place to Henry, nor was he ever asked to do so; and after his death it was found that he had devised the place to Henry, subject to a charge of $3,000, to be used in the payment of legacies to his daughters. Demand was made upon the defendants for this sum, and they failed to pay it. A bill was filed to foreclose the lien sought to be created by said will. The answer alleges that the land was given to Henry C. Gifford by his father, who put him in posses-

sion, and that he has occupied the premises for a sufficient period and under such circumstances as to establish a title by adverse possession. The evidence shows that Elihu Gifford stated to several that he had "bought the place for Henry," and that he "had given the place to Henry." On the other hand, Elihu Gifford never parted with the title. He paid the mortgage upon the place, and made two other wills, preceding the one involved herein, each of which contained the same provision regarding this farm. The second will was drawn in 1886, and the date of the first one does not appear. The circuit court dismissed the bill of complaint.

The circumstances under which this farm was purchased show a plain intent upon the part of the testator to help his son to a home, but for some reason he was not disposed to have him take the title at that time. He took it himself, giving his personal obligation, secured by mortgage upon the premises, for $3,000, creating a personal liability that he might easily have avoided by having the land deeded to the son. These facts were known to the son, and we cannot assume that he entered with the understanding that the land was unconditionally given to him. His father paid much of the interest and all of the principal of the mortgage,—facts that were, doubtless, also known to the son. There was nothing to indicate that this was expected; and, on the contrary, the son appears to have made some feeble efforts to keep up the interest, but was compelled to ask assistance from the father. It would be going a great ways to hold that his possession was hostile and adverse under circumstances of this kind. On the contrary, he was leaning heavily upon his father, who was disposed to assist him. It is more reasonable to conclude that the son was content to occupy upon such terms as his father had imposed. Had the gift been completed by the giving of a deed, the son could not complain

if his father had chosen to take an assignment of the mortgage from the mortgagee, to whose rights he had a right to be subrogated upon payment of the mortgage. The father probably considered this unnecessary, as he held the title. He accordingly made the amount of the mortgage a charge upon the land, perfecting his intended gift through a will.

We think that the defendant is in no position to ask a specific performance upon the ground that he entered and made improvements under a contract, for the reasons that there was little in the nature of a contract in the arrangement under which he entered, and that he has done little, if anything, in the way of making improvements. His own testimony shows that he set out a hedge, and put about $850 on the house when he first went there, but this testimony was inadmissible; and other witnesses say that the place has run down under his management. Neither has he performed the contract, if it can be called one, for he has left his father to pay the mortgage, and equity would require him to pay the same and interest before granting specific performance, which is more than the complainant asks. *Hardesty v. Richardson,* 44 Md. 617; *Freeman v. Freeman,* 43 N. Y. 34; *Ackerman v. Ackerman,* 24 N. J. Eq. 315, 585; *Shellhammer v. Ashbaugh,* 83 Penn. St. 24; *Williamson v. Williamson,* 4 Iowa, 279.

The decree of the circuit court will be reversed, and a decree entered here in favor of the complainant, with costs of both courts.

The other Justices concurred.