F. C. FARLOW, D. L. TUCKER and F. B. TUCKER, Appellees, v. S. F. FARLOW, Appellant.

**Gifts:** EVIDENCE. One claiming land under a parol gift has the burden of establishing the gift, as against the record title, by clear and satisfactory evidence. He must show an executed gift, the mere intention to make a gift in the future is not sufficient; and whether there has been a gift is a question of fact depending upon the intent of the donor in delivering the property. The evidence in this case is insufficient to show a parol gift of land.

**Trespass:** AMENDMENT: QUIETING TITLE: DECREE. Where an amended petition in a suit to enjoin a trespass to real property was allowed after the evidence was all taken, without any objection and without raising the question of parties, asking for a decree quieting title in plaintiffs who owned the land under a deed, and concerning which no further evidence could be introduced bearing upon the issue thus tendered, plaintiffs were entitled to a decree quieting their title and awarding them possession.

*Appeal from Wapello District Court.*—HON. C. W. VERMILLION, Judge.

FRIDAY, MARCH 15, 1912.

ORIGINALLY this was an action in equity to enjoin defendants from cutting trees and committing other trespasses upon a certain ten acres of land in Wapello county. After defendants had answered claiming title to the property, plaintiffs amended their petition, asking that their title to the property be quieted, and that they have a decree for possession thereof. Upon trial to the court, a decree was entered finding that plaintiffs Tucker were and are the owners of the property, that neither of the defendants had any right, title, or interest in or to the premises, and enjoining them from cutting or removing any timber therefrom.

Save as indicated, there was no decree quieting title in plaintiffs, nothing was said about their being entitled to the possession of the property, and no writ of possession was ordered. All parties appeal, but, as defendants first perfected theirs, they will be called appellants.—*Affirmed* in part, and *modified* and *remanded* in part.

*Steck & Steck,* for appellants.

*Roberts & Webber, Sumner & Siberell,* and *Gillies & Daugherty,* for appellees.

DEEMER, J.—This is an unfortunate controversy primarily between plaintiff F. C. Farlow and defendant S. F. Farlow, father and son, over a ten acres of land upon which defendant and his family have been living for the last four or five years. Plaintiff Farlow sold and conveyed the property by warranty deed to his coplaintiffs, F. B. and D. L. Tucker, dated June 3, 1910, possession to be given March 1, 1911, or before that date if defendant should vacate the premises. After the sale, defendant was proceeding to cut and dispose of timber from the lands, and this action for an injunction was commenced July 26, 1910. Defendant answered in August of the same year, and therein pleaded that his father had given him the land in the year 1907, and that he had been in possession thereof ever since the said gift was made. This was denied by plaintiffs, and on April 7, 1911, the Tuckers filed an amendment to their petition, wherein they asked that their title be quieted against the defendant, and that they be decreed to be entitled to the immediate possession of the premises. This amendment was filed after the case had been tried, and the court had orally announced its decision. Plaintiffs also pleaded an estoppel against defendant, growing out of an alleged statement made by the defendant to one M. V. Tucker, who acted as the agent for the plaintiffs Tucker,

before the property was purchased, that he wished his father would sell the property in controversy. This statement was denied by defendant Farlow; and his wife, Mattie Farlow, came into the case by a special plea to this alleged estoppel, saying that the property was her homestead, and that her husband could not by any statements made to others affect her homestead rights in the premises. These were the issues in the case, and a decree was entered as already stated. Plaintiffs Tucker appeal because the dercee did not specifically quiet title in them, and find that they were entitled to the immediate possession of the property, and defendant from that part of the decree finding that the title to the property was in plaintiffs Tucker.

The main questions in the case are of fact, and they may shortly be stated as follows: Did the plaintiff Farlow make a present gift of the property in question to his son? And, if so, was this gift executed by the taking of possession and the making of valuable improvements upon the premises?

Upon these propositions, the burden was upon the defendant, and, as stated in the authorities, the testimony to 1. GIFTS: evidence. establish such a gift as against the record title must be clear, satisfactory, and, as sometimes said, conclusive. *Kelley v. Kelley,* 130 N. W. (Iowa), 381; *Boeck v. Milke,* 141 Iowa, 717; *Collins v. Collins,* 138 Iowa, 472; *Bevington v. Bevington,* 133 Iowa, 351; *Sires v. Melvin,* 135 Iowa, 460; *Williamson v. Williamson,* 4 Iowa, 281; *Franklin v. Tuckerman,* 68 Iowa, 572; *Wilson v. Wilson,* 99 Iowa, 688; *Ellis v. Newell,* 120 Iowa, 74; *Stroup v. Bridger,* 124 Iowa, 407.

Again: "A gift, to be effectual, must be fully executed; and the question of whether or not there has been a gift in a given case is one of fact, in which the intention of the alleged donor in delivering the property is a very material inquiry." *Stroup v. Bridger, supra.* In *Oliver v. Perry,* 131 Iowa, 658, which was a case much like the one

at bar, we said: "But, as he supposed the execution of a deed was essential to the consummation of the conveyance, this was not effected, for he refrained from executing the deed on the ground that, if made, debts might be enforced against the property given. It is not material for what reason a proffered gift is withheld. To constitute a gift, there must be an actual transfer by the donor of all right and dominion over the thing given. A mere intention to do so in the future will not suffice, and a promise to that effect is without consideration."

We have carefully examined the testimony in the light of these rules, and are constrained to hold with the learned district court that defendant has failed to establish such a gift as entitles him to hold the land. That plaintiff Farlow induced the son to come to Iowa upon the promise that he would provide him with a home without expense we have no doubt; but that he intended to make a present gift to him is not shown by the quantity of proof required. The father refused to deed the land to his son for several reasons: First, because there were judgments against him; second, because the son would not agree upon a valuation of the land as a part of his share of the father's estate; and, third, because the father was afraid that, if he did pass the title, defendant would sell the property at a sacrifice, and soon be without a place in which to live. Even after defendant went upon the land he was not satisfied, and at different times he asked his father to provide him another place. This the father agreed to do, provided that place was not at a given town in Kansas. While defendant made some small improvements upon the land, the father put very much more into them than did the son, and the defendant did not have the exclusive possession of the property at any time. This was shown by plaintiff Farlow and defendants' brother-in-law. Plaintiff Farlow paid all taxes on the land, insured the house in his own name, and used it as already stated. We have no doubt, however,

that he intended to give this property, or some other, to the defendant at the time of his death, provided he, defendant, would take it at a proper valuation so that he might so distribute his property as to give each of his children practically the same amount. Defendant would never consent to this, and frequently expressed dissatisfaction over the arrangement as made. There was in our opinion no completed gift. We are satisfied that defendant stated to Mr. Tucker, who represented the purchasers from Farlow, that he wished his father would sell the land. This statement, while not perhaps amounting to an estoppel, shows, as we think, not only that he was dissatisfied with all arrangements proposed by the father, but also indicated that he did not himself believe that he owned the property, or had more than a possessory interest therein. Plaintiff Farlow said on the witness stand that he still expected to provide the defendant with a home, and that he had undertaken to do so before the case came on for trial; but that he could not persuade his son to accept the new arrangement. The trial court had the witnesses before him, and, after carefully considering the case, arrived at the same conclusion which we have regarding the facts, thus materially confirming our impressions from a reading of the printed record. The decree on defendants' appeal must therefore be affirmed.

On the appeal by the Farlows, we are disposed to say that in view of the issues tendered by the amendment to the petition, although this amendment was not filed until after the testimony was all adduced, that there should have been a decree expressly quieting title in the plaintiffs, Tucker, and awarding to them the possession of the land. No question was made as to defect of parties, or as to the sufficiency or timeliness of the amendment to the petition, and no other testimony could have been introduced bearing upon the issue tendered thereby. There is no reason then why there should not have been a decree for the plaintiffs Tucker, as prayed in

2. TRESPASS: amendment: quieting title: decree.

this amendment. Without such relief they would be driven to another action, taking the chance of a plea of former adjudication by the decree entered in this case. On plaintiffs' appeal the decree will be modified to the extent already indicated, and the cause remanded for one in harmony with this opinion, and on defendants' appeal affirmed.

Each party will pay one-half the costs of this appeal.

On defendants' appeal *affirmed*. On plaintiffs' *modified* and *remanded*.