MARTIN MOEHN, JR., et al., Appellants, v. PETER LEICHT et al., Appellees.

**REAL PROPERTY:** Parol Gift—Evidence. Principle reaffirmed that a parol gift of realty calls for proof that is practically conclusive.

*Appeal from Des Moines District Court.*—OSCAR HALE, Judge.

OCTOBER 16, 1923.

ACTION to quiet title to certain real estate. Plaintiff claims that the premises were a parol gift to him from his father, one of the defendants. The trial court dismissed the plaintiff's petition.—*Affirmed.*

*Seerley & Clark,* for appellants.

*Holsteen & Hill* and *La Monte Cowles,* for appellees.

FAVILLE, J.—The appellant Martin Moehn, Jr., was married November 21, 1910. He was at that time about twenty-two years of age, and was working for his father, the appellee Martin Moehn. It is the contention of the appellant that, at the time of the marriage, a wedding breakfast was given for the newly married couple at the home of the mother of the bride, and that, at said time, the appellee Moehn gave to his son $150 as a wedding present, and said that he would also give him a home. At this time, the young man was in the employ of his father, on a salary. After the marriage, the young people started housekeeping in a house where they remained about six months, when they moved onto the premises in controversy. It is the contention of the appellant that, about said time, his father invited appellant and his wife to come up to the father's house; that they did so; and

that, at that time, the father gave to the appellant a key to the premises in question, and told the appellant that he had purchased the house for him, and that he would fix up the papers for him. The following day, the appellant and his wife moved into the house, and remained there for about eleven years, when the father sold the premises to the appellee Leicht. Shortly thereafter, this suit was instituted. The question in the case is solely a question of fact, as to whether or not there was a parol gift of the premises from the father to his son.

The evidence is in direct conflict, appellant and his wife testifying to the gift, and the appellee and his wife denying the same. Each of the parties is corroborated in his contention, to a certain degree. It appears from the evidence that the son paid no rent on the premises. It also appears that, during all of the time the son occupied the premises, the taxes thereon were paid by the father. The appellant reported to the assessor that he occupied the premises as a renter. It is claimed, however, that the entry to that effect on the assessment roll was made at the suggestion of the assessor, in view of the statement of the appellant that he had no title to the premises. Some minor improvements, in the way of painting and similar matters, were made on the premises, some of the work being done by the appellant, and the materials being furnished, mainly, by the appellee. There is no claim that the appellant ever made any demand or request that his father execute and deliver to him title papers to the premises.

The father strenuously denied that he ever had any intention to make a gift of the premises to the son, but says that he merely permitted him to occupy the same without rental charge. There is evidence strongly tending to show that, about the time of the sale to Leicht, the purchaser, with members of his family, went to the premises for the purpose of inspecting the house, and that at said time the appellant's wife showed the parties through the house, and talked with them about moving out, if the father sold the premises, and made some claim that the sink in the house belonged to her, and would not go with the sale of the property. The evidence is in conflict with regard to this conversation and transaction.

The rules of law governing cases of this character are well

established. The burden rested upon the appellant to establish the claimed gift by clear, satisfactory, and, as is sometimes said, conclusive evidence. Such has been our repeated pronouncement. *Williamson v. Williamson,* 4 Iowa 279, 281; *Wilson v. Wilson,* 99 Iowa 688; *Franklin v. Tuckerman,* 68 Iowa 572; *Ellis v. Newell,* 120 Iowa 71, 74; *Stroup v. Bridger,* 124 Iowa 401, 407; *Sires v. Melvin,* 135 Iowa 460; *Farlow v. Farlow,* 154 Iowa 647.

Mere occupancy of the premises does not prove the gift, but it may be permissive only; and "the proof must be independent of the mere act of occupancy for any number of years, where one relies upon a gift of title." *Runnels v. Anderson,* 186 Iowa 1370.

From a careful examination of the record, we are constrained to agree with the conclusion of the trial court that the appellant failed to establish the claim of a parol gift to the real estate in question by that clear, convincing, and satisfactory proof that is required in cases of this kind. It therefore follows that the decree of the district court must be, and the same is,—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.