ELIZABETH YAGGE, Executrix, Appellee, v. PAUL HURLEY TYLER et al., Appellants.

No. 44301.

JUNE 21, 1938.

H. W. Bails and Crary & Crary, for appellants.

Baron & Bolton, for appellee.

MILLER, J.—Leon W. Tyler died intestate on June 14, 1931,

being then the owner of Lot 11 in Block 31 of North Sioux City, an addition to Sioux City, Iowa, which real estate was subject to a mortgage in the sum of $1,100. He left surviving, his spouse, Marguerite C. Tyler, and the defendant-appellant, Paul Hurley Tyler, the legally adopted son of himself and Marguerite C. Tyler, who was born June 1, 1915. Said Leon W. Tyler, his wife and appellant occupied said premises as a homestead, and following his death, the widow and appellant continued so to occupy said premises until the death of Marguerite C. Tyler on October 11, 1936. During the period of occupancy of said premises by Marguerite C. Tyler and appellant, following the death of Leon W. Tyler, she made payment of the mortgage upon said premises, and likewise made payment of the taxes thereon for the years 1931 to 1935, inclusive, in the approximate amount of $234.

Said Marguerite C. Tyler died testate, and the plaintiff, appellee herein, is the executrix of her estate. Under the provisions of her will all of her property is bequeathed and devised to beneficiaries other than appellant.

On July 10, 1937, said executrix, in conformity with an authorization from the probate court, filed her petition herein, therein in substance alleging the facts as above set out; likewise alleging that said Marguerite C. Tyler inherited an undivided one-third interest in and to said described real estate; that appellant inherited the remaining two-thirds interest therein; and likewise alleging that the said Marguerite C. Tyler made payment of said mortgage and taxes for the purpose of protecting her interest in said real estate as the owner of a one-third interest therein; therein praying for decree establishing the interests of the respective parties in said real estate; likewise praying that two-thirds of the expenditures made by the said Marguerite C. Tyler be charged against the two-thirds interest of appellant in said real estate, and that appellant's interest therein be impressed with a lien therefor.

Upon trial hereof, all facts were stipulated, and decree was entered confirming the title of Marguerite C. Tyler, deceased, in and to an undivided one-third interest in said real estate, and likewise establishing a lien in favor of her estate upon the undivided two-thirds interest of appellant therein in the net amount of $840; from which decree appellant appeals.

Appellant contends that the action of the trial court was

erroneous for the following reasons: (1) That the payment of said mortgage and taxes by Marguerite ·C. Tyler were beneficial to appellant, and as the facts and circumstances are otherwise unexplained the law presumes they were intended as gifts |and cannot now be charged against his share in the real estate; (2) that during her lifetime the widow relinquished her one-third interest by electing to exercise her homestead right in lieu of her distributive share, resulting in appellant being the sole owner of the real estate in question; (3) that the widow's acts as executrix *de son tort* of her husband's estate now estop her executrix from claiming either contribution or payment from appellant; and (4) that as a life tenant it was her obligation to pay the ordinary taxes on the property during the continuance of the life tenancy, and that her executrix cannot therefore charge them to the remainderman, appellant herein.

I. Appellant, in his second contention, claims that the widow by her continued occupancy of the premises as a homestead after the death of her husband, elected to retain the homestead for life in lieu of her distributive share, and claims that as a result thereof he is the sole owner of the premises in question. The record reveals that no such contention was made in the court below, but in fact, an examination of the pleadings therein reveals that appellant admitted that the widow was the owner of an undivided one-third interest, and that he was the owner of the remaining two-thirds interest in said premises. Paragraph 4 of the petition reads as follows, to wit:

"That under the laws of descent, Marguerite C. Tyler, inherited an undivided one-third interest in and to the real estate herein described on the death of Leon W. Tyler, and Paul Hurley Tyler, the defendant, inherited an undivided two-thirds interest in and to the real estate at the time of the death of the said Leon W. Tyler; that real estate described as Lot Eleven (11), Block Thirty-one (31), North Sioux City, an addition to Sioux City, Iowa, was owned by Leon W. Tyler and there was a mortgage against it in the sum of approximately Twelve Hundred Dollars ($1,200.00)."

Par. 3 of appellant's answer reads as follows, to wit:

"Admit paragraphs two, three and all of paragraph four excepting as to the mortgage which is alleged to have been

against the said premises at the time of the death of Leon W. Tyler.''

These pleadings reveal that the allegations to the effect that the widow inherited an undivided one-third interest and appellant the remaining two-thirds interest in the premises involved, were admitted. The burden of establishing that the widow divested herself of her distributive share by electing to occupy the homestead for life was upon appellant. Jackson v. Grant, 224 Iowa 579, 278 N. W. 190. At no place in the answer is there any claim or any allegation to the effect that the widow had elected to retain the premises involved as the homestead for life in lieu of her distributive share. As a result thereof this contention of appellant was not an issue in the court below, and cannot be considered here. Likewise this situation as to the pleadings removes from our consideration appellant's fourth contention, that as life tenant it was the obligation of the widow to pay the ordinary taxes.

II. Appellant, in his first contention, claims that the fact the payments involved were made by the widow while he was a minor living with her, and under her control, coupled with the fact that the payments were beneficial to him, and being otherwise unexplained by facts and circumstances, results in the presumption that the payments were intended as gifts to him. Following the opinion of this court in Van Veen v. Van Veen, 213 Iowa 323, 236 N. W. 1, 238 N. W. 718, it has become the settled law of this state that immediately upon the death intestate of the owner of real estate, that his surviving spouse and children take as tenants in common. See, also, Crouse v. Crouse, 219 Iowa 736, 259 N. W. 443; Prichard v. Anderson, 224 Iowa 1152, 278 N. W. 348; Jackson v. Grant, supra. Accordingly appellant and the widow held title as tenants in common to the premises involved.

In support of his first contention, appellant cites numerous decisions wherein we have been concerned with the question of whether or not certain transactions between a parent and child amounted to advancements, relying upon the rule of law therein to the effect that where a parent advances money or property to a child, or pays debts for the child, the law presumes it to be an advancement, unless it is shown by proof or circumstances that it was intended to be held as a debt against the child. Ap-

pellant recognizes that advancements apply only in cases of intestacy, but by analogous reasoning contends that the payments herein must be construed as gifts, claiming in support thereof that there is no proof of fact or circumstance from which it could be inferred that these payments were intended to be held by the widow as debts against appellant. In the advancement cases relied upon by appellant there was either an actual delivery of an actual gift of money or property to the child, or the payment by the parent of indebtedness owing by the child; whereas in the instant case it is to be noted that no payment whatever was made to appellant, and likewise no payment was made of any indebtedness owing by him.

In view of the fact that herein the widow and appellant were tenants in common, we are confronted with the established law of this state that a tenant in common is entitled to contribution from his co-tenant for expenditures absolutely necessary for the benefit and preservation of the common property. Van Veen v. Van Veen, supra. There can be no question but that the payments made by the widow, of both the mortgage and the taxes, were absolutely necessary for the benefit and preservation of the common property, and likewise that those payments made by her were necessary for the preservation and protection of her interest in this common property. It is needless to say that it would have been impossible for her to have paid a one-third portion of the mortgage indebtedness, or a one-third of the taxes, and thereby have preserved her one-third interest in the property. The preservation of her one-third interest in this property demanded the payment of the entire mortgage indebtedness, and the entire amount of taxes.

The determination of whether or not these payments constituted gifts must of necessity be controlled solely by the intention of the widow at the time of making the payments in question. In Stroup v. Bridger, 124 Iowa 401, at page 407, 100 N. W. 113, at page 115, this court uses the following language:

"To be effectual, a gift must be fully executed; and the question whether or not there has been a gift in a given case is one of fact, in which the intent of the alleged donor in delivering the property is a very material inquiry."

See, also, Farlow v. Farlow, 154 Iowa 647, 135 N. W. 1; In re Estate of Wearin, 167 Iowa 535, 149 N. W. 621.

■ The fact that the preservation and protection of the widow's undivided one-third interest in the property in question demanded the payment of the entire mortgage indebtedness and the taxes satisfies us that these payments were made by her for that purpose and not with the intention of making a gift to her adopted son of his proportionate share of said payments. If there had been no obligation upon her part to make these payments for her own protection, we could then agree with appellant's contention that such payments, being otherwise unexplained, could be construed as evidence of an intent upon her part to make such payments as gifts for the benefit of her adopted son. Being satisfied, however, that the intention of the alleged donor at the time in question is to determine whether or not a certain transaction amounts to a gift, and likewise being satisfied that the purpose of the widow in making these payments was to preserve her interest in the property, it follows that it was not her intention to make gifts thereof. As the result thereof the presumption relied upon by appellant is overcome by this showing that these payments were made for the preservation of the widow's property.

■ III. The remaining contention of appellant is that the widow administered the estate of her husband, Leon W. Tyler, de son tort; and therein took no steps to preserve what may have been her then equitable right to contribution; and that on account thereof her executrix is now estopped from claiming either contribution or full payment from appellant for any of said payments. An examination of the stipulation in so far as this contention is concerned, reveals that there was no probate of the estate of Leon W. Tyler; that in addition to the real estate involved, he was at the time of his death the owner of the household goods, used by himself and wife, and an automobile of the approximate value of $100; and that more than five years prior to the trial of this action the widow made payment of his indebtedness, including the expenses of his funeral and last sickness. The stipulation likewise reveals that the household goods were used by appellant and the widow, in their occupancy of the premises involved, until her death, following which they were sold by her executrix for the approximate amount of $200; and that the automobile referred to was caused to be transferred to appellant by the widow. It was further stipulated that if appellant had been called as a witness, that he would have testified

that Leon W. Tyler at the time of his death was the owner of one or more shares of Sioux City Gas & Electric, preferred stock, at approximately $94 per share; but there is no showing that this stock ever came into the possession of the widow.

It is to be observed therefrom that the record is void of any showing that any personal property of Leon W. Tyler, following his death, ever came into the possession of his widow, other than the household goods, and the automobile which was later transferred to appellant. It must be conceded that the household goods in question were exempt to the widow as the surviving spouse of Leon W. Tyler, and without a showing of any personal property of said Leon W. Tyler ever coming into the possession of his widow, other than such exempt household goods, and the automobile which was transferred to appellant, we cannot say that she proceeded to administer her husband's estate *de son tort*. In view of the fact that the record before us fails to reveal any such administration, there is no necessity for determining whether or not such administration *de son tort* can be said to work an estoppel against a claim for contribution. We likewise are not impressed with appellant's contention that on account of the fact that the widow did not formally open an administration of her husband's estate following his death, that she and her representative, the appellee herein, are estopped from now claiming contribution for necessary payments made by her for the preservation of the common property owned by her and appellant as tenants in common.

Being satisfied that the decree of the trial court herein was correct and proper under the record and circumstances, it follows that the same must be and it is hereby affirmed.—Affirmed.

STIGER, C. J., and SAGER, MITCHELL, HAMILTON, KINTZINGER, DONEGAN, and RICHARDS, JJ., concur.