ANNE DONNELLY, Appellee, v. ALBERT F. NOLAN, Appellant.

No. 46565.

OCTOBER 17, 1944.

Jordan & Jordan, of Cedar Rapids, for appellant.

Donnelly, Lynch, Anderson & Lynch, of Cedar Rapids, for appellee.

WENNERSTRUM, J.—The plaintiff brought an action to quiet title to certain real estate in Cedar Rapids, Iowa. In her petition she alleges that she is the absolute and unqualified owner of the real estate involved in the suit, subject to a contract of sale which she had previously executed. The petition also alleges that the defendant makes claim to some interest in the property because of the fact that he asserts a common-law marriage had heretofore been entered into between the parties and that he is plaintiff's husband. The petition further states that no such marriage has ever been entered into between the parties and that the claim and assertion as made by the defendant are

false and wholly without foundation, and that plaintiff is a single person. It is further stated in the petition that the contract purchasers object to plaintiff's title on the ground that the claimed common-law marriage, as asserted by the defendant, causes a cloud on the title to the property involved in plaintiff's action. The petition prays that a decree be entered quieting title to the property in the plaintiff, and further adjudging that no marriage has ever occurred between the parties, and that the defendant is not plaintiff's husband. It further prays that plaintiff's status as a single person be established in this action. The defendant filed a motion to strike from the petition all allegations in reference to the title to the property and also moved to strike all allegations in the petition and the portion of the prayer in reference to the quieting of the title to the property. Defendant further moved to dismiss the case because there was a misjoinder of actions in that there was joined in plaintiff's action to quiet title a further proceeding to annul a claimed marriage. The motions to strike and to dismiss were overruled. The defendant excepted to these rulings. The defendant elected to stand on the rulings on the motions and default was thereafter entered against him. A decree was later entered quieting title as prayed for in the petition. The defendant has appealed.

It is appellant's contention (1) that the court was in error in permitting the plaintiff to join an action to quiet title with an action to determine the question of her status as a married or single person (2) that the court was in error in not striking from plaintiff's petition the prayer thereof in which the court was asked to determine that the appellant was not married to the appellee (3) that the court committed error in permitting a quiet-title action to be joined with an action to determine that appellee was not married to the appellant.

The several assignments of error as made by the appellant may be summarized as follows: Was there a misjoinder of actions and did the alleged claim as to a common-law marriage constitute such a cloud upon the title of the real estate as to permit this question to be determined in a quiet-title action? We shall discuss and pass upon these two summarized points as a single proposition.

Section 12285, 1939 Code of Iowa, sets forth the necessary conditions under which a quiet-title action may be brought. It is our conclusion that the requirements of that Code section are found in the present situation. We believe this is true, even though the Code section last referred to contemplates an action "against any person claiming title thereto, though not in possession." It is true that the appellant herein does not claim title, but the petition shows that he is apparently claiming an inchoate interest in the property by reason of the claimed marital relationship with the appellee.

We believe that this interpretation as to "claiming title" is correct in the light of the following referred-to Code section.

Section 12286, 1939 Code of Iowa, is as follows:

"Petition. The petition therefor must be under oath, setting forth the nature and extent of his estate, and describing the premises as accurately as may be, and that he is credibly informed and believes the defendant makes some claims adverse to the petitioner, and praying for the establishment of the plaintiff's estate, and that the defendant be barred and forever estopped from having or claiming any right or title to the premises adverse to the plaintiff."

It is our further conclusion that the defendant "makes some claims adverse to the petitioner" by reason of the asserted marital relationship between the parties and that this claim constitutes a cloud upon plaintiff's title. We have concluded that the statutes heretofore mentioned authorize an adjudication of appellant's claim in that it affects appellee's title and her right to make a lawful and legal conveyance.

Our statements heretofore set forth find support in the case of Blair v. Hemphill, 111 Iowa 226, 229, 82 N. W. 501, 502, wherein this court said:

"An action to quiet title is now an equitable proceeding in the nature of a remedy quia timet, and the rule is without exception that by bills of that character clouds of every description may be removed from titles. See cases cited in 17 Enc. Pl. & Prac. 277. Some force is claimed by appellant for the language of section 4223, which provides who may bring an

action to quiet title. The section reads, 'An action to determine and quiet the title of real property may be brought by any one, whether in or out of possession, having or claiming an interest therein against any person claiming title thereto though not in possession.' It is argued that this expressly provides that the action can be brought only against one who claims title. This is a very narrow construction of a statute, giving an equitable remedy. But the following section shows, as we think, that the language quoted has no such restricted meaning. It provides that the petition shall pray that the defendant be barred and estopped from having or claiming 'any right' adverse to plaintiff. Our attention has been called to no case in this court where the question here presented has been raised under the statute as we now have it. * * * A court of equity, in the absence of statute, has inherent power to remove a cloud from the title of real estate at the suit of one in possession. Story, Equity Jurisprudence, 826; Cleland v. Casgrain, 92 Mich. 139 (52 N. W. Rep. 460); Corey v. Schuster, 44 Neb. 269 (62 N. W. Rep. 470), and authorities cited.''

See, also, Davis v. Niemann, 219 Iowa 620, 623, 624, 258 N. W. 761.

We have been unable to find any case analogous to the situation presented by the pleadings in the present action. However, we do not believe there was any misjoinder of actions and, as previously stated, it is our conclusion that the claimed marital relationship between the parties was such as to constitute a cloud upon the title. We therefore hold that this claimed defect in the title can be adjudicated in a quiet-title proceeding. The statement found in Rakow v. Tate, 93 Neb. 198, 207, 140 N. W. 162, 166, seems applicable to the present situation. It is there stated:

''It is a well-settled rule that, where a court of equity obtains jurisdiction of a cause, it will retain it until all questions involved in the case are adjudicated, doing complete justice between the parties. This rule applied fully justified the settlement of all controversies growing out of the main case between the parties, and there was no error in this action of the court.''

The last-cited case finds support in several Iowa cases. This court stated, in Hammond v. Perry, 38 Iowa 217, 218:

"But it is the policy of chancery to fully settle the rights of parties to actions while they are before the court, and not send them out to bring new suits. The appellant is entitled to full relief as to all matters involved in the case of which the court has jurisdiction."

See, also, Creger v. Fenimore, 216 Iowa 273, 276, 249 N. W. 147; Board of Trustees v. Board of Supervisors, 228 Iowa 1095, 1101, 291 N. W. 141.

In the case of Satterwhite v. Gallagher, 173 N. C. 525, 528, 92 S. E. 369, 370, consideration is given to the question whether or not a married woman had properly acknowledged an instrument under the statutes of North Carolina. A further proposition therein commented upon was whether or not the question as to the wife's acknowledgment constituted a cloud upon the title to the land involved. In interpreting the statutory provisions of that state relative to a quiet-title action, which statutes are somewhat similar to the Iowa statutes, the North Carolina court, in this last-cited case, made the following statement:

"Having reference to the broad and inclusive language of the statute, the mischief complained of and the purpose sought to be accomplished, we are of opinion that the law, as its terms clearly import, was designed and intended to afford a remedy wherever one owns or has an estate or interest in real property, whether he is in or out of possession, and another wrongfully sets up a claim to an estate or interest therein which purports to affect adversely the estate or interest of the true owner and which is reasonably calculated to burden and embarrass such owner in the full and proper enjoyment of his proprietary rights, including the right to dispose of the same at its fair market value. And it should and does extend to such adverse and wrongful claims, whether in writing or parol, whenever a claim by parol, if established, could create an interest or estate in the property, as in case of a parol trust or a lease not required to be in writing."

A further authority that has some bearing upon the as-

serted claim of interest made by the appellant is found in 51 C. J., Quieting Title, 160, section 44, where it is stated:

"When the invalidity of a claim of dower in land does not appear upon record, but can only be shown by extrinsic evidence, a bill in equity to remove such claim as a cloud on title will lie; and this applies to an inchoate right of dower, especially under statutes enlarging the jurisdiction of equity."

The only authorities that the appellant cites are certain sections of the 1939 Code, namely, section 10488, which authorizes an action to pass upon the validity of a marriage; section 10487, which sets forth the nature of the petition to be filed in an action to annul an illegal marriage; and section 10469, which restricts the consideration of the one further question as to alimony allowance in an action for divorce. In the instant case, wherein the appellee has not admitted the claimed common-law marriage, and the asserted claim does present a cloud on the title to appellee's property, we do not see where these last-cited Code sections have application.

Our independent research of the law pertaining to the questions involved in this action, along with our consideration of the citations presented by the appellee, has caused us to reach the conclusion that the trial court was correct in its rulings and that it should be affirmed.—Affirmed.

All JUSTICES concur.