ORVIS V. LOVRIEN, appellant, v. MARGARET E. FITZGERALD, appellee, and JOHN P. FITZGERALD et al., intervenors.

No. 48591.

(Reported in 66 N.W.2d 458)

OCTOBER 19, 1954.

Harlyn A. Stoebe, of Humboldt, for plaintiff-appellant.

Linnan & Lynch, of Algona, for intervenors-appellees and resister-appellee.

LARSON, J.—This is another phase of the case of Lovrien v. Fitzgerald previously before us and reported in 242 Iowa 1258, 49 N.W.2d 845. There the trial court upheld plaintiff's contentions, confirmed and established the interest of the plaintiff remainderman under the will, subject to a life estate, set aside a contract and deed as fraudulent, and retained jurisdiction of the matter "for the purpose of making any further order or supplemental decree that may be necessary or required to carry out the provisions of this decree and the provisions of the will." We affirmed the trial court in that appeal. Our opinion in that case sets out the factual background of this action. By agreement the real estate had been sold and the funds were in the hands of a trustee, subject to the provisions of the will. After the death of Margaret E. Fitzgerald, the holder of the life interest, plaintiff filed herein a pleading designated "Report and Application" in which he asked that the court set a time and prescribe notice to the other remainder-

men of a hearing upon plaintiff's application for contribution from said remaindermen for the expense sustained by him in bringing the original action and otherwise successfully defending their rights, as well as his own, under the will. The trial court ordered personal service be given Ellen Bridget Fitzgerald in California, and the intervenors, John P., Robert E. and B. W. Fitzgerald, be notified by service upon their attorneys of record in this case. This was done and special appearances were entered by them contesting the court's jurisdiction. These were overruled and upon a full hearing the trial court denied and overruled the application for contribution. Plaintiff appealed.

 I. Once a court of equity acquires jurisdiction of the subject matter or property involved in a controversy it will retain it until full justice has been done between the parties involved or interested, and that right will not be denied or defeated by reason of irregular or defective form. See 13 Am. Jur., Contribution, section 71, at page 65. Plaintiff here chose a rather unusual form or manner in his effort to obtain contribution. The trial court under the circumstance revealed in the former proceeding very properly and wisely retained jurisdiction of the property involved in the action, formerly the land and now the receipts from its sale in the hands of a trustee. Clearly the court saw need for such action in order to protect the interest of the remaindermen pending the expiration of the life estate of Margaret E. Fitzgerald. Such discretion is vested in the court. Thus we believe plaintiff's application for contribution in this equity action proper and timely, especially in view of the fact no application or order had been made for the distribution of the property among the remaindermen which would terminate the matter. See Donnelly v. Nolan, 235 Iowa 30, 15 N.W.2d 924; Nissen v. International Brotherhood, 229 Iowa 1028, 295 N.W. 858, 141 A. L. R. 598; John Hancock Mutual Life Ins. Co. v. Dower, 222 Iowa 1377, 271 N.W. 193. Furthermore, we affirmed the trial court on all questions formerly raised and this affirmance included the court's retention of jurisdiction for the purpose announced in its decree referred to above.

II. The trial court properly and correctly prescribed the notices necessary to obtain jurisdiction of Ellen Fitzgerald and upon the intervenors, John P., Robert E. and B. W. Fitzgerald. Ellen Fitzgerald was a resident of California and had not appeared in any former litigation in these matters. Rule 60(g), Rules of Civil Procedure, provides a manner of obtaining jurisdiction of such nonresidents by publication. It is as follows: "(g). Against any defendant who, being a nonresident of Iowa, * * * has or claims any actual or contingent interest in or lien on real or personal property in Iowa which is the subject of such action, or to which it relates; or where the action seeks to exclude such defendant from any lien, interest or claim therein."

Rule 64, Rules of Civil Procedure, provides: "Service of original notice in or out of Iowa, according to rule 56, supersedes the need of its publication."

These rules were followed.

Ellen Fitzgerald has a claim or interest in this property. It was confirmed and established in our former decision as a one-third interest in the remainder. Under the court's direction she was brought in as a defendant by service upon her personally in Los Angeles, California, on May 23, 1952, more than twenty days as required prior to the date of the hearing, which was set for June 20, 1952. The trial court properly overruled the special appearance filed on behalf of Ellen Fitzgerald, and to the extent of property under the court's jurisdiction and control its jurisdiction over her was complete. The court also properly overruled the special appearances filed on behalf of the intervenors. By their own intervention in this equity action they were before the court, and notice to their attorneys of record of the hearing on an application filed in the matter was sufficient. These notices were duly and timely served upon said attorneys and they continued to act for the intervenors for some time thereafter. There was no attempt by these attorneys to withdraw until late in this hearing.

Having decided the court had acquired jurisdiction of those interested to the extent necessary for determination of this matter, we need not decide here whether defendants waived

their exceptions taken when the court overruled their special appearances, by failure to preserve the alleged error on cross-appeal.

III. The principal inquiry before us in these proceedings is whether or not under the facts and circumstances of this case the plaintiff, Orvis V. Lovrien, is entitled to contribution from the other remaindermen, Ellen Bridget, John P., Robert E., and B. W. Fitzgerald, for the expenses he incurred in the sum of $3576.80 in his successful effort to defend, confirm and establish his rights as a remainderman, as well as the remainder rights of the others, under the will of Edward Fitzgerald, deceased. That the defense was timely and necessary there can be no doubt. Unless plaintiff had acted and promptly so, the remainder interest would have been destroyed completely by the contract and deed procured by the intervenors-remaindermen.

The original action had asked declaratory relief. We affirmed the trial court's interpretation of the will, its finding of fraud on the part of the intervenors in procuring the alleged contract and deed, and the establishing of plaintiff's undivided one-sixth interest in the remainder subject to the widow's life estate.

 The principle of contribution is equality in bearing a common burden. When any burden ought from the relationship of the parties, or in respect of property held by them, to be equally borne and each party is in equali jure, contribution is due if one has been compelled to pay more than his share. This doctrine of course is founded upon the principles of equity, not contract. We have so held. See Lex v. Selway Steel Corp., 203 Iowa 792, 817, 206 N.W. 586, and cases cited therein; 13 Am. Jur., Contribution, section 2, page 5. Equity equalizes burdens and enforces reasonable expectations of co-obligors because it is just and right in good morals. We have often recognized this rule.

It is well settled that one of several joint obligors who pays the debt is entitled to contribution from the other obligors. All others who are jointly bound with him must bear their proportionate share. Keefer v. Valentine, 199 Iowa 1337, 203

N.W. 787; Daniel v. Best, 232 Iowa 785, 5 N.W.2d 149; 18 C. J. S., Contribution, section 8, page 11; annotation 64 A. L. R. 224.

Judge Oliver, speaking for the court in Daniel v. Best, supra, 232 Iowa 785, 791, 5 N.W.2d 149, 152, said: "The doctrine of contribution is founded upon the equitable principle that each person subject to a common duty or debt should bear his proper share of the common burden and one person should not be subject to bear more than his just share to the advantage of his co-obligors."

Also see Licht v. Klipp, 213 Iowa 1071, 1075, 240 N.W. 722, 724; 13 Am. Jur., Contribution, section 6.

In Hobbs v. McLean, 117 U. S. 567, 582, 6 S. Ct. 870, 877, 29 L. Ed. 940, 946, the court said: "When many persons have a common interest in a trust property or fund, and one of them, for the benefit of all and at his own cost and expense, brings a suit for its preservation or administration, the court of equity in which the suit is brought will order that the plaintiff be reimbursed his outlay from the property of the trust, or by proportional contribution from those who accept the benefits of his efforts."

Also see Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Central Railroad & Banking Co. v. Pettus, 113 U. S. 116, 5 S. Ct. 387, 28 L. Ed. 915.

In 14 Am. Jur., Cotenancy, section 44, page 110, the following appears: "Accordingly, it is well settled that a co-owner who has discharged an obligation burdening the common property is entitled * * * to have the amount which he has paid beyond his just proportion ascertained and declared and held to remain a lien on the interests of his fellows, and to a decree directing such interests to be sold in satisfaction of the debt."

The usual case on this point involves the discharge of a tax lien threatening the property of tenants in common and would entitle the one who paid the obligation to contribution from the other cotenants. A tenant in common holds a several interest in the lands, which is so far identical with his cotenants' interest that, in all matters affecting the estate, he is regarded as acting for them as well as for himself. Weare v.

1332

Van Meter, 42 Iowa 128, 20 Am. Rep. 616; Patty v. Payne, 178 Iowa 593, 159 N.W. 1012; Crawford v. Meis, 123 Iowa 610, 99 N.W. 186, 66 L. R. A. 154, 101 Am. St. Rep. 337.

The reason for that rule is that the duty rests upon each cotenant to protect the estate held in common. The duty is reciprocal. The protection of the title to the property so held in common by one cotenant inures to the benefit of the other cotenants, and they must assume their proportionate share of the debt for which all are liable. Arends v. Frerichs, 192 Iowa 285, 294, 184 N.W. 650.

It is true that a common burden or obligation resting upon the parties is essential to the accrual of the right to contribution, and that contribution may be obtained only on the amount actually and reasonably expended. The weight of authority seems to be that no notice is required prior to a demand when prompt action was necessary, the expenses reasonable, and payment had been made.

The evidence here is clear, satisfactory and quite persuasive that the action was necessary to preserve the remainder interests under the will, the expenses being mostly attorney fees were reasonable and proper, and that plaintiff's obligation therefor had been paid by a promissory note which plaintiff stated would be paid whether he was successful in this application or not.

While we were cited no former Iowa case directly in point on this question before us, and very little elsewhere, and have found none ourselves, it is quite clear, and not denied by defendants, that the parties to this litigation as remaindermen under the will are tenants in common, and were so prior to the death of Margaret E. Fitzgerald, subject to her life estate in the property. As tenants in common they enjoy certain rights and obligations. Interesting is the rule announced in Restatement of the Law of Restitution, section 105, page 439, which states:

"(1) Where two persons are tenants in common or joint tenants and one of them has taken reasonably necessary action for the preservation of the subject matter or of their common interests, he is entitled to indemnity or contribution, enforced by means of a lien upon the interest of the other

"(a) if he made a request to the other to join in such preservation, or

"(b) without such request, if action was immediately necessary and the other was not available.

"(2) A person who through legal proceedings procures or preserves property in which he and another have an interest may be entitled to reasonable compensation for his services and restitution of his expenses in obtaining or preserving the property."

The comment thereunder on page 440 states: "* * * the coercion is created by the joinder of interest in the same subject matter which makes it impossible for one of the co-owners to benefit himself without also benefiting the other."

To have required a notice or request to the intervenors herein would have been to require a useless and futile thing, and the same may be said as to Ellen who apparently was consulted by the intervenors and was content that she would be taken care of by them should they accomplish their purpose.

The attorney John E. Miller testified in answer to the following: "Q. And what you heard said there that day and from what you said yourself can you state to the court whether or not Ellen Fitzgerald knew of the nature of the case and what it involved and how it would affect her interests? A. Yes, she was thoroughly—in the conversation she was thoroughly informed, as well as everyone else, what the will provided and what the nature of the case was and about the deed and what would happen if the boys should win and what would happen if Mr. Lovrien should win."

Equity demands no such useless and futile undertaking. Under such circumstances we hold a notice or request was not required or necessary to the other common property owners. Their just interests were preserved by plaintiff's proceedings in spite of their efforts to thwart them, and in no other way under these circumstances could plaintiff so preserve their interest under the will than by the action taken in his own behalf and name.

It has already been decided the transaction between the mother and sons was not one of good faith, but fraudulent, and

was designed to cut out the interests of the other remaindermen. It is perfectly clear therefore in order that the title of the remaindermen be protected that some action was necessary and proper by the plaintiff, the only remaining interested cotenant of the remainder, subject to the life estate. What would have been accomplished by a demand by plaintiff that Ellen and the intervenors join in the effort to confirm the remainderman interest?

As heretofore pointed out, contribution stands upon the broad basis or principle of natural justice. It is not founded on contract, express or implied, but upon the idea of equalization of a burden. Plaintiff alone was forced to assume this burden by the willful acts of the others.

The trial court was of the opinion that the initial action involved a controversy between the cotenants individually. We cannot agree. There was no dispute as to their interests as remaindermen. The effort made by the intervenors to cut off and destroy by fraud the remainder interest completely cannot be said to be a good faith controversy which would in any manner elevate them to the recognizable position of a good faith adversary in either the transaction with their mother or their position as to the construction of the will. Their fraudulent scheme to cut out the other remaindermen, which of necessity made them adversaries when plaintiff resisted that attempt, can obtain for them no advantage in a court of equity. Equity demands clean hands. They cannot so relieve themselves of a just obligation and duty, as tenants in common with Ellen Fitzgerald and the plaintiff, to defend and protect that joint interest. They were actually trying to destroy, not defend, the cotenants' property rights, and so must be considered as strangers or interlopers, not good faith adversaries in that action. We said in Hamilton v. Hamilton, 149 Iowa 321, 329, 128 N.W. 380, 383:

"This gives him no license to sell the property and dispose of the proceeds merely to defeat the remaindermen. Such a sale would be tainted with fraud on his part, and if the purchaser colludes in the fraudulent purpose * * * it will be open to a court of equity to remedy the wrong."

They cannot now be heard to complain that by their illegal acts they were hurt, not aided, by plaintiff's proper action in defense of the remaindermen's interest. They have no standing here as beneficiaries of their fraud and we do not so consider their unjust and unlawful title claim. We view them as tenants in common with plaintiff, who protected their interests as such against a stranger's fraudulent attempt to divest them.

We held in the case of Van Gorden v. Lunt, 234 Iowa 832, 13 N.W.2d 341, the benefit conferred upon the estate makes the charge an equitable one, and the claim for contribution was allowed even though the action for which the expenses were incurred was resisted by other beneficiaries. We held there it was the benefit conferred upon the common estate that determined the necessity of the action and not the fact some of the beneficiaries resisted such action.

The status of these parties was determined under the will of Edward Fitzgerald. As cotenants in common in the remainder interest over and above the life estate they were obligated to defend the common estate.

It must be kept in mind the original action was not a probate contest, a will contest, nor did it involve an agency relationship, although as defensive measures the defendants-intervenors maintained that under the will Margaret Fitzgerald had the power to bargain and sell all the property and thus cut off any and all remaindermen. As pointed out heretofore, such contention is not here important for if that were her right it was by law predicated upon a good faith transaction, determined here not to exist.

We cannot agree with the trial court that this was an action to interpret or construe the will, and thus excuse the intervenors for employing separate counsel to advocate the different views of the beneficiaries. Such was not the purpose of the action nor was it the basis of the judgment. As Judge Thompson pointed out in the former opinion on page 1264 of 242 Iowa, page 848 of 49 N.W.2d, Margaret Fitzgerald must be held to be the judge of what is for her best interest, and when she exercised her discretion, such determination was final and conclusive, with one qualification most important in this case. This qualification

he said was good faith, and "the qualification referred to above is destructive of their case." Thus the case did not turn on a will construction and the intervenors cannot be found to be adversaries in that sense here. We hold this action was not merely one to construe a will wherein each party in good faith may contend for his view without liability for contribution.

It is true the original action was not brought as a class action, nor did it appear that the plaintiff was bringing an action on behalf of the common estate. It is also true that his primary purpose seemed to be to establish his one-sixth interest in the property. The trial court therefore was of the opinion that the fact that plaintiff established and quieted his own title and thereby established and quieted the title of the cotenants was not of itself sufficient to entitle the plaintiff to contribution. This ordinarily may be true, but here as we have pointed out there was much more. We have here a threat to the common property by joint tort-feasors who were also remaindermen. If in serving his own cause he performs a duty which rests upon him as a cotenant, that performance is no less valuable to the rights and interests of the other tenants in common. Van Veen v. Van Veen, 213 Iowa 323, 236 N.W. 1, 238 N.W. 718; Yagge v. Tyler, 225 Iowa 352, 280 N.W. 559; Martens v. Martens, 234 Iowa 519, 12 N.W.2d 201. Clearly the fraudulent action was specifically directed at plaintiff and, if successful, would also have destroyed all the common property which was the remainder interest under the will.

It is our conclusion a joint obligation or duty was performed by plaintiff, that the expenses incurred were reasonable and necessary, that all parties stood equally before the court, and that a real and substantial benefit was conferred upon the common estate, justifying the application of the doctrine of equitable contribution. We are satisfied equitable contribution is proper here, and that the other beneficiaries as tenants in common, Ellen Bridget Fitzgerald, John P., Robert E., and B. W. Fitzgerald, were obligated to help defend the joint title. From funds withheld in trust pending this determination, equity requires that the co-owners contribute proportionately to the reasonable expense paid by the plaintiff in the sum of

$3576.80, and we so hold. Reversed and remanded for further proceeding in accordance with this opinion.—Reversed.

BLISS, WENNERSTRUM, SMITH, MULRONEY, HAYS, and THOMPSON, JJ., concur.