Lloyd D. DAVIS and Mark Donald Davis, by his Father and Next Friend, Lloyd D. Davis, Appellants,

v.

Wayne William GATEWOOD and Meredith Gatewood, Appellees.

No. 2–56336.

Supreme Court of Iowa.

April 16, 1975.

Virgil Moore, Des Moines, for appellants.

Dull, Keith & Beaver, Ottumwa, for appellees.

Submitted to MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and HARRIS, JJ.

UHLENHOPP, Justice.

The question in this appeal is whether the plaintiffs proved as a matter of law that a motorist involved in a collision was negligent.

The parties tried the case to the court. We view the evidence in the light most favorable to the trial court's findings. Hepp v. Zinnel, 199 N.W.2d 68 (Iowa).

James Street, which runs north and south in Ottumwa, Iowa, intersects Mary Street at right angles. The speed limit on the streets is 30 miles per hour. A sign on James Street stops traffic entering Mary Street from the north. A house, a bush, and a tree in the northeast corner of the intersection somewhat obscure the view from Mary Street to the north on James Street and from James Street to the east on Mary Street.

At about 4:00 p.m. on July 9, 1970, defendant Meredith Gatewood drove a car belonging to defendant Wayne William Gatewood west on the north side of Mary Street at about 15 to 20 miles per hour. At the same time, plaintiff Mark Donald Davis, age 9, rode his bicycle at a fast speed south on James Street and into the intersection without stopping. Motorists who were following Mrs. Gatewood testified Mark "flew out," "dashed out," or "shot out" into the intersection. Mrs. Gatewood immediately braked her car hard and swerved left to avoid Mark. She stopped quickly but not in time to avoid collision. Mark sustained injuries.

Mark and his father, plaintiff Lloyd D. Davis, brought this action against Gatewoods for damages. After trial, the court found as a fact that Davises did not establish negligence on the part of Mrs. Gate-

wood. The court therefore dismissed the petition. Davises appealed.

One of the elements which Davises had to establish was that Mrs. Gatewood was negligent in one or more of the respects charged. Mowrey v. Schulz, 230 Iowa 102, 296 N.W. 822. The question in the appeal is whether, under the evidence, the issue of Mrs. Gatewood's negligence was one of law or of fact.

We have carefully examined the testimony and the exhibits. They present a fact issue on the question of Mrs. Gatewood's negligence, and so the trial court's finding stands. Rule 344(f)(1), Rules of Civil Procedure. Seldom does a party who has the burden of proof on an issue sustain his burden as a matter of law. Schultz v. Chicago, R. I. & P. R. R., 207 N.W.2d 748 (Iowa).

Affirmed.