**FORT DODGE COUNTRY CLUB,**
Appellee,

v.

**IOWA–ILLINOIS GAS AND ELECTRIC COMPANY, Appellant.**

No. 2–56214.

Supreme Court of Iowa.

July 31, 1975.

Dale A. Johnson, of Johnson, Burnquist, Erb, Latham & Gibb, Fort Dodge, for appellant.

Robert L. Ulstad, of Ulstad, Guinan & Cornell, Fort Dodge, for appellee.

Submitted to MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

HARRIS, Justice.

We affirm the judgment of the trial court awarding property damages resulting from a fire.

The Fort Dodge Country Club (plaintiff) owned a deep-fat fryer which was repaired by Iowa-Illinois Gas & Electric Company (defendant). Plaintiff claimed defendant was negligent in failing to properly install parts used in the fryer and in failing to properly inspect it.

Defendant denied negligence and affirmatively alleged plaintiff was contributorily negligent. It is claimed plaintiff was negligent in using the fryer when it had knowledge of a defect, in failing to inspect and test the fryer, and in failing to notify defendant of the defect.

Trial was to the court. The sole issue on appeal is on defendant's affirmative defense of contributory negligence.

In February 1971 the deep-fat fryer began to smoke. Defendant was notified and sent a man to inspect it. He noticed a leak in the liner of the unit and recommended it be replaced. When the new equipment arrived on March 10 an employee of defendant installed the new liner in the fryer.

He tested the unit by manually turning it on and off. The unit consists of a gas heat boiler full of grease which has a thermostat which maintains a constant temperature. The minimum temperature is 250° and the maximum is 400°. The thermostat is usually left at 350° all day. The repairman conducted no testing with grease in the fryer because the unit had to be first cleaned with water and detergent.

Although there is dispute in the evidence the trial court was entitled to find the repairman turned the fryer over to plaintiff saying it was ready for use and to call him if any problems developed. That evening a cook attempted to use the unit but discovered it was operating at too high a temperature. Plaintiff's manager was advised. He conceded his awareness that overheating could result in a fire and that the defendant's repairman had not inspected or tested the fryer.

The next morning the manager turned on the fryer and went to a different area of the club for coffee. After about five minutes the fire was discovered. The amount of resulting damages is not disputed.

In finding for plaintiff the trial court made no finding with regard to defendant's defense of contributory negligence.

I. Rules governing our review were summarized in *Farmers Insurance Group v. Merryweather*, 214 N.W.2d 184, 186–187 (Iowa 1974) where we said:

"Several established principles fix the scope of our review. Since this is a law action our review is not de novo but only on errors assigned; trial court's findings of

fact are equivalent to the special verdict of a jury; if supported by substantial evidence they will not be disturbed; we view the evidence in its light most favorable to the judgment, whether contradicted or not; the findings of the trial court are to be broadly and liberally construed, rather than narrowly or technically, and in case of ambiguity, they will be construed to uphold, rather than defeat, the judgment. (Authorities).

"These principles do not preclude inquiry into whether trial court applied erroneous rules of law which materially affected its decision. We are not bound by trial court determinations of law. (Authorities)."

Section 619.17, The Code, provides in part:

" * * * [I]f the defendant relies upon negligence of the plaintiff as a complete defense or bar to plaintiff's recovery, the defendant shall have the burden of pleading and proving negligence of the plaintiff, if any, and that it was a proximate cause of the injury or damage. * * *."

This section was interpreted by us in *Ruan Transport Corporation v. Jacobs*, 216 N.W.2d 182, 185 (Iowa 1974) as follows:

"Defendant in urging his claim that plaintiff was guilty of contributory negligence as a matter of law is confronted with the onerous burden of satisfying two often repeated rules: (1) Contributory negligence will be decided as a matter of law only in the exceptional case in which such negligence is so palpable, flagrant and manifest that reasonable minds may fairly reach no other conclusion. (citing cases). (2) It is seldom proper, in the absence of an admission, for the court to instruct the jury that a party with the burden of proof has established his claim as a matter of law. (see citations)." See also *Davis v. Gatewood*, 228 N.W.2d 84, 85 (Iowa 1975).

The question is whether the facts presented fall within the classification of "exceptional cases" in which the trial court would be required to find contributory negligence as a matter of law. In *Householder v. Town of Clayton*, 221 N.W.2d 488, 491

(Iowa 1974) we described the exceptional cases. We think the instant case falls outside the category because candid and reasonable minds could conclude plaintiff was not negligent.

We do not believe the trial court was obliged to find plaintiff's contributory negligence was established as a matter of law. It is not enough to say the record clearly supported a finding of contributory negligence. Under this record the decision was for the finder of facts and is not for us to disturb.

■ II. Defendants complain of the failure of the trial court to make a specific finding in its ruling on the affirmative defense. But the defendants failed to move for an enlargement of the trial court's finding as provided by rule 179(b), Rules of Civil Procedure. In the absence of such a motion we will not assume the trial court ignored the affirmative defense but rather will assume the trial court rejected it. See *Sauerman v. Stan Moore Motors, Inc.*, 203 N.W.2d 191 (Iowa 1972).

Affirmed.