**TELEGRAPH HERALD, INC.,**
**Appellant,**

v.

**Robert M. McDOWELL, Appellee.**

**No. 86–176.**

Supreme Court of Iowa.

Dec. 17, 1986.

Allan J. Carew and Robert L. Sudmeier of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellant.

Joseph P. Zwack, Dubuque, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, CARTER, and WOLLE, JJ.

LARSON, Justice.

Robert M. McDowell was operating a car owned by his father, James, when it struck a newspaper tube owned by the Telegraph Herald, Inc. (the Herald), and located on a Dubuque County right-of-way. In a combined action, James sued the Herald and the county for damages to his car, and Robert sued them for his personal injuries. The jury found Robert to be seventy-five percent negligent, the Herald fifteen percent, and Dubuque County ten percent. (Pure comparative negligence was applicable at this time under *Goetzman v. Wichern,* 327 N.W.2d 742 (Iowa 1982)). The jury determined James' car damage to be $10,708 and Robert's personal injury damages to be $50,000. The court entered judgment against the Herald and Dubuque County for James' damages in full, and for Robert's damages, less the percentage attributed to his own negligence. The Herald paid Dubuque County's share of the judgment and took an assignment of its right to contribution from Robert.

This suit for contribution followed. Robert moved for summary judgment, based on a lack of the common liability required for contribution. He claimed that James, as his father, could not have sued him directly because of the principle of parent-child immunity. (Robert was a minor at the time.) The Herald filed its own motion for summary judgment on the ground that Robert's negligence, and the Herald's damages had already been determined, and there were no disputed fact issues remaining. It further claimed that parent-child immunity had been abrogated and could not be raised as a defense. The district court ruled that the Herald's contribution action was barred by the compulsory counterclaim rule, Iowa R.Civ.P. 29. It therefore found it unnecessary to address the other issues.

On appeal, two issues raised are: (1) whether the Herald's claim for contribution against Robert was a compulsory counterclaim under rule 29; and (2) whether the court erred in overruling the Herald's motion for summary judgment. We conclude that the claim for contribution was not a compulsory counterclaim and, on the second issue, remand for further proceedings.

I. *The Compulsory Counterclaim Argument.*

Robert argues that the Herald's claim, arising out of the same accident, was a compulsory counterclaim and that it lost its right to pursue the claim when it failed to assert it as a counterclaim in the original suit. *See* Iowa R.Civ.P. 29. The Herald responds that any such claim was speculative at that point, not "mature" within the meaning of rule 29, and therefore not a compulsory counterclaim. Iowa Rule of Civil Procedure 29 provides in part:

A pleading must contain a counterclaim for every cause of action *then matured,* and not the subject of a pending action, held by the pleader against any opposing party....

(Emphasis added.)

The district court's view that the Herald's claim for contribution was mature at the time of the original suit was based on its reading of *Franke v. Junko,* 366 N.W.2d 536 (Iowa 1985). In *Franke,* which involved a cross-petition for contribution, we noted the general rule to be that a right of contribution does not accrue until a disproportionate payment of damages has been made. But, we also noted a well-recognized exception to that rule: A defendant may cross-petition for contribution in the original action and have the *right* to contribution determined, even though it could not actually be enforced until payment by the cross-petitioner. *Franke,* 366 N.W.2d at 540. We also noted that this principle had been incorporated in the statute now found in Iowa Code section 668.5 (1985). Section 668.5(1) provides:

A right of contribution exists between or among two or more persons who are liable upon the same indivisible claim for

the same injury, death, or harm, whether or not judgment has been recovered against all or any of them. *It may be enforced either in the original action or by a separate action brought for that purpose.* The basis for contribution is each person's equitable share of the obligations, including the share of fault of a claimant, as determined in accordance with section 668.3.

(Emphasis added.)

■ In the present case the district court reasoned that, if the right of contribution in *Franke* had ripened sufficiently to allow a cross-petition under rule 34, it must be mature enough to be a compulsory counterclaim under rule 29. We do not agree. The language of the respective rules is different; rule 34 does not require that a right be mature, while rule 29 does. To be mature, we believe, the right must be presently enforceable, not merely determinable. As *Franke* notes, a claim for contribution is not enforceable until a disproportionate payment has been made. 366 N.W.2d at 540.

Federal Rule of Civil Procedure 13(b), the federal permissive counterclaim rule, also requires a claim to be "mature." Cases decided under that rule have held that suits for contribution are not mature and therefore not proper subjects for permissive counterclaims. *See, e.g., Stahl v. Ohio River Co.,* 424 F.2d 52, 55 (3d Cir.1970); *Scherza v. Home Indemnity Co.,* 257 F.Supp. 97, 98 (D.R.I.1966); *Slavics v. Wood,* 36 F.R.D. 47 (E.D.Pa.1964). *See generally* 6 Wright & Miller *Federal Practice & Procedure* § 1411, at 56–57 (1971). These cases under the federal rule, turning on maturity of the claim, are persuasive in interpreting our own rule with similar language.

■ We conclude it was error for the court to dismiss the claim for contribution on the ground it was a compulsory counterclaim.

## II. *The Herald's Motion for Summary Judgment.*

The Herald argues that the court erred in denying its own motion for summary judgment, asserting that, as a matter of law, it is entitled to contribution.

■ It is true, as the Herald contends, that many of the material facts necessary to establish the right to contribution were determined in the initial suit. There remains an issue, however, as to whether the contribution claim may be maintained in view of our rule that common liability must be established as a condition for contribution. Common liability is a liability which may be enforced against each tortfeasor independently. *See McIntosh v. Barr,* 397 N.W.2d 516, 517 (Iowa 1986); *Rees v. Dallas County,* 372 N.W.2d 503, 504–05 (Iowa 1985); *Iowa Power & Light Co. v. Abild Construction Co.,* 259 Iowa 314, 319, 144 N.W.2d 303, 303 (1966).

■ In applying the test of common liability, the Herald must show that James could have sued his son, Robert, directly for the damages to his car. The Herald argues that he could, because *Turner v. Turner,* 304 N.W.2d 786 (Iowa 1981), abrogated parent-child immunity. Robert responds that the abrogation of parent-child immunity in *Turner* was not complete and that certain aspects of it are still viable. *See, e.g., Wagner v. Smith,* 340 N.W.2d 255, 256 (Iowa 1983) (immunity retained in case of negligent supervision). *See generally Prosser and Keaton on the Law of Torts* § 122, at 908 (1984) ("[The] cases have not yet drawn a clear picture of parental liability.").

Robert has asserted facts which, if proved, could conceivably bring the case under some remaining vestige of parent-child immunity. We do not, of course, decide that here. We simply hold it was not error to deny the Herald's motion for summary judgment on the issue. We reverse and remand for proceedings under its claim for contribution.

REVERSED AND REMANDED.