**Annabelle DIEHL, Appellee,**

v.

**Michael T. DIEHL, Appellant.**

**No. 87–222.**

Supreme Court of Iowa.

April 13, 1988.

Theodore T. Duffield of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellant.

Robert W. Reynoldson of Reynoldson, Van Werden, Kimes, Reynoldson, Lloyd & Wieck, Osceola, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and ANDREASEN, JJ.

CARTER, Justice.

Defendant, Michael Diehl, fourteen-year-old son of plaintiff, Annabelle Diehl, appeals from a judgment which his mother obtained against him in an automobile negligence action. He urges that he enjoys immunity from suit because of the family relationship between the parties. In the alternative, he urges that plaintiff's own conduct should bar her claim and that instructions given to the jury by the trial court were erroneous. In considering these issues, we conclude that (a) defendant is not immune from suit; (b) plaintiff's conduct does not bar her recovery; and (c) although one of the instructions given to the jury was erroneous, it does not require reversal of the judgment.

On October 22, 1983, near Sioux Falls, South Dakota, plaintiff was seriously injured in a one-car accident. At the time she was a passenger sleeping in the backseat of an automobile driven by her fourteen-year-old son, the defendant, Michael Diehl. Michael had obtained an instruction permit on his fourteenth birthday, pursuant to Iowa Code section 321.180 (1983). He had been driving the family car on a daily basis since that time.

At the time of the accident, plaintiff, her husband, and her sons, Michael and David, were traveling from Osceola, Iowa, to Brookings, South Dakota. The family first drove from Osceola to Ames in order to pick up David. David, who was twenty-one years of age, drove the automobile from Ames to Sioux City, arriving at approximately midnight on October 21, 1983. At Sioux City, Michael expressed a desire to drive, and that request was granted by his parents.

Plaintiff and her husband were riding in the backseat during the time Michael was driving. At some point, they both dozed off. David, who was riding in the front seat with Michael, was playing a guitar during part of the time that Michael was driving. Eventually, he also dozed off. Michael also became drowsy, dozed off, and the car veered toward the right shoulder of the interstate highway on which it was traveling. In seeking to recover from this predicament, Michael swerved the automobile sharply to the left. The car traveled across the median strip and came to rest against an embankment.

Plaintiff suffered a burst fracture in one of her vertebra from the impact of the car leaving the traveled portion of the roadway. She also sustained nerve root damage which causes weakness in her legs and right hip as well as a "neurogenic" bowel and bladder. Evidence offered at the trial indicated that plaintiff, who had been employed full time as a physician's assistant, is now limited to part-time employment.

Plaintiff commenced an action against Michael asserting that his negligence in driving the car was a proximate cause of her injuries and resulting economic loss.

The district court submitted the issues to the jury under a theory of pure comparative negligence as espoused in *Goetzman v. Wichern*, 327 N.W.2d 742 (Iowa 1982). The jury found the plaintiff was fifty-five percent negligent and Michael was forty-five percent negligent. Plaintiff's damages were fixed at $275,000. The amount of the judgment entered in her favor was $123,750. We separately consider the several assignments of error which defendant advances in his appeal from that judgment.

### I. *Parent–Child Immunity.*

Michael asserted the doctrine of parent-child immunity as an affirmative defense at all critical stages of the litigation. He asked for a directed verdict on this ground at both the close of plaintiff's evidence and again at the close of all of the evidence. The issue presented is whether an unemancipated child may be held liable to a parent as a result of negligence of the child which causes injury to the parent.

Parent-child immunity has no long-established roots in the common law. *See Sorensen v. Sorensen*, 369 Mass. 350, 353, 339 N.E.2d 907, 909 (1975); W. Prosser, *The Law of Torts* § 122, at 865 (4th ed. 1971). Courts have historically authorized suits between parent and child in matters involving property and contract rights. Courts which have considered whether a child is immune from suit by a parent in tort actions have viewed the issue as a logical corollary to the immunity, if any, which the parent enjoys from suit by a child. *See, e.g., Balts v. Balts*, 273 Minn. 419, 434, 142 N.W.2d 66, 75 (1966); *Gelbman v. Gelbman*, 23 N.Y.2d 434, 438, 245 N.E.2d 192, 193, 297 N.Y.S.2d 529, 531 (1969); *Mauk v. Mauk*, 12 Ohio St.3d 156, 157, 466 N.E.2d 166, 167 (1984); *Silva v. Silva*, 446 A.2d 1013, 1016–17 (R.I.1982); *Ertl v. Ertl*, 30 Wis.2d 372, 374, 141 N.W.2d 208, 209 (1966). We share the view that these familial immunities, to the extent they are recognized at all, should be reciprocal. Consequently, to the extent parental immunity was abolished in *Turner v. Turner*, 304 N.W.2d 786 (Iowa 1981), it appears it would be inconsistent to continue to recognize an immunity of children from suits by their parents.

Michael urges that we recognized in *Telegraph Herald v. McDowell*, 397 N.W.2d 518, 520 (Iowa 1986), that there is some remaining vestige of parent-child immunity which may preclude a parent from suing a minor child for negligence. In that case, a newspaper publishing company had placed an obstruction in the public roadway. The newspaper company was found to be liable to the owner of an automobile damaged by striking the obstruction. The newspaper company then sought contribution from the driver of the damaged automobile who was the owner's minor child. The child asserted that the family immunity doctrine precluded the common liability which is required in an action for contribution.

The contribution claim in the *Telegraph Herald* case had been decided against the newspaper company on other grounds in the district court. The court's ruling on those grounds was found to be erroneous. The appellee sought to save the judgment on alternative grounds by urging a lack of common liability. We remanded the case to the district court for the determination of that issue, assuming but not deciding that the son "could conceivably bring the case under some remaining vestige of parent-child immunity." *Id.* at 520.

Unlike the *Telegraph Herald* case, we are not required to determine the immunity issue based solely on the pleadings. We conclude on the evidence produced at trial that the reasons urged by Michael for applying interfamilial immunity are without merit. Michael urges that to permit suit against the minor child in the present case will impact adversely on the parent's continued need to maintain discipline and control over their children. Relying on this premise, he contends that the present case falls within the area of retained immunity recognized in *Wagner v. A.O. Smith*, 340 N.W.2d 255, 256 (Iowa 1983). We disagree.

The area of retained immunity recognized in the *Wagner* case, so as to preclude suits by children against their parents in certain situations, does not translate into an equally persuasive ground for precluding suits by parents against their children. The area of familial interest sought to be protected in *Wagner* is the right of parents to control their children. We do not perceive a reciprocal area of protected familial interest on the part of the children. Permitting parents to recover damages from their children for injuries caused by the children's negligence does not impact unfavorably on the area of familial responsibility which *Wagner* seeks to protect. The district court did not err in refusing to bar plaintiff's claim on grounds of family immunity.

## II. *Whether Plaintiff's Failure to Supervise Defendant Should be an Absolute Bar to Maintaining the Present Action.*

■ Michael asserts that plaintiff's own conduct should bar her recovery in this action. He relies on Iowa Code sections 321.180(1) and 321.219 (1983) which make it unlawful for a parent to authorize a child under sixteen to drive an automobile under an instruction permit unless supervised by a parent, or a person twenty-five years of age or older, riding in the front seat.

It appears without dispute that Michael's parents were not in the front seat supervising his driving. His brother, David, who was in the front seat, was not twenty-five years of age. Moreover, none of these persons were supervising Michael's driving at the time of the accident because they were all sleeping.

Michael urges that plaintiff's recovery is barred by the principles which we established in *Cole v. Taylor,* 301 N.W.2d 766, 768 (Iowa 1981). In that case, a patient sued her psychiatrist for failing to prevent her from committing murder. We observed that such actions should not be maintained on grounds of public policy because of the nature of the criminal act involved. We believe that the *Cole* case is readily distinguishable from the present facts. Plaintiff is not seeking to recover for another's failure to prevent her own unlawful conduct. She is seeking to recover for injuries sustained by reason of the negligent conduct of another person for which she bears some contributory fault. Consequently, we view the situation as one where the relative degree of causal negligence of both parties should be compared under the *Goetzman* doctrine in effect at the time of the injury.

## III. *Alleged Error in Jury Instructions.*

■ A. *Instructions on lookout and control.* Michael maintains that the trial court erred in submitting the issues of failure to maintain a proper lookout and failure to maintain control of the vehicle as specifications upon which he could be found to be negligent. We find no merit in these contentions.

The purpose of requiring the jury to consider specifications of negligence is to limit the determination of the facts or questions arising in negligence claims to only those acts or omissions upon which a particular claim is in fact based and upon which the court has had an opportunity to make a preliminary determination of the sufficiency of the evidence to generate a jury question. *Rinkleff v. Knox,* 375 N.W.2d 262, 266 (Iowa 1985). Each specification should identify either (a) a certain thing the allegedly negligent party did which that party should not have done, or (b) a certain thing that party omitted to do which should have been done, under the legal theory of negligence which is applicable. *Id.* at 266.

■ The duty to maintain a proper lookout includes being watchful of the movements of one's own vehicle as well as other things seen or seeable. *Paulsen v. Des Moines Union Ry.,* 262 N.W.2d 592, 597 (Iowa 1978); *Hutchins v. LaBarre,* 242 Iowa 515, 528, 47 N.W.2d 269, 276 (1951). The common-law duty of control requires the operator of a motor vehicle to proceed with such care and with the vehicle under such control as existing conditions known or which should be known may require.

*Matuska v. Bryant,* 260 Iowa 726, 733–34, 150 N.W.2d 716, 721 (1967).

From the evidence presented, the jury could have found that for a short period of time Michael was either dozing or extremely drowsy and that his eyes were closed. We believe this circumstance is sufficient to justify submission of specifications of negligence on both lookout and control.

■ B. *Instruction on failure to supervise minor driving with an instruction permit.* We next consider Michael's contention that the district court erred in jury instruction number fifteen. That instruction advised the jury that plaintiff could only be found negligent for violating Iowa Code section 321.219 (1983) if she had actual knowledge of the requirements of section 321.180(1) (1983), concerning who may supervise a child under age sixteen driving with an instruction permit. Section 321.219 provides:

> No person shall cause or knowingly permit the person's child or ward under the age of eighteen years to drive a motor vehicle upon any highway when such minor is not authorized hereunder or in violation of any of the provisions of this chapter.

In seeking to establish plaintiff's contributory negligence, Michael asserted that plaintiff violated the above statute by permitting him to drive when not supervised by a parent or a person twenty-five years of age or older riding in the front seat.

In response to this contention, plaintiff testified at trial that she was not aware of the requirement that the supervising adult riding in the front seat must be twenty-five years of age or older, if other than a parent. The trial court's instruction number fifteen told the jury that plaintiff did not violate this statute unless she had actual knowledge of the requirement for supervision by an adult at least twenty-five years of age.

■ We believe instruction number fifteen was erroneous to the extent that it required actual knowledge by plaintiff of the statutory requirements for supervising Michael. One who permits a minor child to operate a motor vehicle under an instruction permit is, we believe, required to become acquainted with the restrictions which the law places upon such operation. Such persons may not escape the legal consequences of failing to observe these requirements by asserting ignorance of the law.

Although we conclude that the challenged instruction was erroneous, we do not believe that this error requires a reversal of the judgment. Breach of supervisory responsibility mandated by section 321.180(1) was the only ground of contributory fault submitted to the jury. The jury assessed a considerable amount of contributory fault against plaintiff. We must therefore conclude from the jury's verdict that it found against plaintiff as to her claimed lack of knowledge of the law, a circumstance which renders any error in the instruction harmless.

We have considered all issues presented and find no grounds for reversing the judgment.

AFFIRMED.