Steve G. **BLAIR** and Steven G. Blair, Executor of the Estate of Tomas Blair, Appellee,

v.

**WERNER ENTERPRISES, Appellant.**

**Werner Enterprises, Appellant,**

v.

**Ollie Jones and Leonard Coombs, Appellees.**

**No. 02–2124.**

Supreme Court of Iowa.

Feb. 25, 2004.

Edward J. Krug of Krug & Beckelman, P.L.C., Cedar Rapids, for appellant.

Mark D. Lowe of Hopkins & Huebner, P.C., Adel, for appellee Steven G. Blair.

Rene Charles Lapierre of Klass, Stoik, Mugan, Villone, Phillips, Orzechowski, Clausen & Lapierre, L.L.P., Sioux City, for appellee Ollie Jones.

Henry A. Harmon and Lisa R. Perdue of Grefe & Sidney, P.L.C., Des Moines, for appellee Leonard Coombs.

LARSON, Justice.

Werner Enterprises was sued after one of its trucks was involved in a chain-reaction accident on Interstate 80 in Dallas County, Iowa. Werner sought contribution by counterclaiming against the plaintiffs and cross-claiming against the other defendants. The plaintiffs voluntarily dismissed their case in Dallas County in order to pursue their claim in a federal court in Texas. Following this dismissal, the plaintiffs moved to dismiss Werner's contribution claims. The district court granted the motion to dismiss, and we affirm.

### I. Facts and Prior Proceedings.

On March 16, 2000, Steven Blair and his three-year-old son, Tomas Blair, were traveling west on Interstate 80 in Dallas County, Iowa, when Steven saw defendant Leonard Coombs crossing the interstate to retrieve a wheel he had lost. Blair decreased his speed to avoid striking Coombs, and Werner's truck struck the rear of Blair's car. Blair was injured, and his son was killed.

Blair's estranged wife filed a wrongful-death claim on behalf of Tomas in a Texas

state court, and the case was removed to federal court. While the Texas case was pending, Blair sued Werner in Dallas County District Court. Werner attempted to spread its potential loss by counterclaiming against Blair and cross-claiming against Ollie Jones (who owned the car driven by Blair) and Coombs (the man who crossed the interstate to retrieve his wheel). Blair elected to participate in the Texas wrongful-death suit and dismissed his suit in Iowa. Werner then found itself without a forum in which to pursue its contribution claim against Coombs because the Texas court concluded it did not have personal jurisdiction of Coombs.

## II. *Issue.*

■ The sole issue is whether Werner's claims for contribution survived Blair's voluntary dismissal of the underlying case. The issue turns on the interpretation of our contribution statute, Iowa Code chapter 668 (1999). We review a district court's involuntary dismissal as a matter at law. *Meier v. Senecaut,* 641 N.W.2d 532, 537 (Iowa 2002).

## III. *Analysis.*

■ Werner complains that

Blair has been afforded the opportunity to pick and choose the forum for litigating his death case. After beginning the lawsuit in Iowa, Blair unilaterally decided to dismiss the case and proceed in a Texas federal court where the key third-party defendant, Coombs, is not subject to that court's jurisdiction.

And

this strategic posturing effectively handicaps Werner's ability to defend itself in Texas and precludes it from seeking contribution from Coombs *in that forum.*

(Emphasis added.) Blair responds that he has the right to pick his forum; he chose to pursue the case in Texas; and Werner is not in a position to dictate where it is sued. Further, denying Werner a forum in Dallas County at this time will not preclude it from pursuing a claim for contribution in some forum when Werner can satisfy the prerequisites for contribution.

Iowa Code section 668.5(1) provides litigants a right to seek contribution. Under that statute,

[a] right of contribution exists between or among two or more persons who are liable upon the same indivisible claim for the same injury, death, or harm, whether or not judgment has been recovered against all or any of them. It may be enforced either in the original action or by a separate action brought for that purpose. The basis for contribution is each person's equitable share of the obligations, including the share of fault of a claimant, as determined in accordance with [comparative-fault principles].

Section 668.6 provides the mechanics for enforcing contribution claims. Under section 668.6(1), if the relative percentages of fault have been determined under Iowa Code section 668.3 (comparative-fault procedure), a party held responsible for more than the party's percentage share of damages may recover judgment for contribution "upon motion to the court or in a separate action." No assessment of fault had been made in this case. Therefore, section 668.6(2) applies:

If the percentages of fault of each of the parties to a claim for contribution have not been established by the court, contribution may be enforced in a separate action, *whether or not a judgment has been rendered* against either the person seeking contribution or the person from whom contribution is sought.

(Emphasis added.)

Werner argues that it may pursue contribution under the facts of this case, as

provided by section 668.6(2) because, under that section, a judgment is not required as a condition precedent to a contribution claim. Section 668.6(3), however, provides:

If a judgment has not been rendered, a claim for contribution is enforceable only upon satisfaction of one of the following sets of conditions:

a. The person bringing the action for contribution must have discharged the liability of the person from whom contribution is sought by payment made within the period of the statute of limitations applicable to the claimant's right of action and must have commenced the action for contribution within one year after the date of that payment.

b. The person seeking contribution must have agreed while the action of the claimant was pending to discharge the liability of the person from whom contribution is sought and within one year after the date of the agreement must have discharged that liability and commenced the action for contribution.

Werner concedes it is not entitled to enforce its contribution claims under section 668.6(3) because it has neither discharged nor agreed to discharge the liability of the other parties as subparagraphs (a) and (b) require. However, it contends the limits on contribution contained in section 668.6(3) apply only to the *enforcement* of a contribution claim—not to actions to determine if a party has a *right* to contribution under section 668.5(1) ("A right of contribution exists...."). According to Werner, all it seeks here is for the Iowa court to determine if Werner has a right to contribution, leaving the enforcement of any right for a later case. According to Werner's argument, we have recognized an action to determine the right of contribution separate and distinct from the enforcement of the claim, citing *Telegraph*

*Herald, Inc. v. McDowell*, 397 N.W.2d 518 (Iowa 1986). We said in *Telegraph Herald* that "[a] defendant may cross-petition for contribution in the original action and have the *right* to contribution determined, even though it could not actually be enforced until payment by the cross-petitioner." *Telegraph Herald*, 397 N.W.2d at 519.

*Telegraph Herald* does not support Werner's argument because that case involved a claim for contribution brought in the original case in which the percentages of fault had already been determined by a jury. The case cannot stand as authority for a party, which has not paid or contracted to assume another party's share of liability, to sue for contribution. *See, e.g., Allison v. L.E. Allison Estate*, 560 N.W.2d 333, 334 (Iowa 1997) ("[T]he right to enforce a claim for contribution ripens 'only upon a payment or its equivalent by the claimant discharging, satisfying, or extinguishing' more than an equitable share of the common obligation." (quoting *Dairyland Ins. Co. v. Mumert*, 212 N.W.2d 436, 439 (Iowa 1973))); *accord Franke v. Junko*, 366 N.W.2d 536, 540 (Iowa 1985) (same).

Iowa Code section 668.5(1) provides that a contribution claim may be enforced "either in the original action or by a separate action brought for that purpose." In Werner's case, it cannot be brought in the original case because that case has been dismissed. *See Smith v. Lally*, 379 N.W.2d 914, 916 (Iowa 1986) ("Rule 215 [now Iowa R. Civ. P. 1.943] gives a plaintiff a right to dismiss an action at any time before the beginning of trial. When any defense pleadings are solely defensive, the dismissal terminates the court's jurisdiction of the action." (citing *Witt Mech. Contractors, Inc. v. United Bhd. of Carpenters*, 237 N.W.2d 450, 451 (Iowa 1976))). For purposes of applying this principle, we hold Werner's answer, in attempting to

spread its liability, is defensive in nature. Regarding a party's right to continue seeking contribution after dismissal of the underlying case, the general rule has been stated:

Where a plaintiff moves to discontinue an action, the vital question is whether the defendant will suffer prejudice by the discontinuance. A plaintiff ordinarily cannot take a voluntary discontinuance where the defendant has acquired some substantial right or advantage in the course of the proceeding which would be lost or rendered less efficient by such a termination, or where the defendant thereby would be deprived of a just defense. However, the injury which would thus be occasioned to the defendant must be of a character that deprives him or her of some substantive rights concerning defenses not available in a second suit or that may be endangered by the dismissal, and not the mere ordinary inconveniences of double litigation which in the eyes of the law would be compensated by costs.

27 C.J.S. *Dismissal Nonsuit* 24, at 254 (1999) (footnotes omitted).

Werner does not claim it will be deprived of any substantive rights by the loss of its present forum. While it claims it has conducted discovery in reliance on pursuing its claim in the present case, presumably any fruits of discovery will be usable in a later action. Moreover, Werner's claims for contribution cannot be brought in an independent action at this time because it has not satisfied more than its proportionate share of liability. We conclude that the district court correctly dismissed Werner's contribution claims.

**AFFIRMED.**